UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IN RE: JOHN H. LANDRY
INGRID A. LANDRY,
Debtors

CHASE BANK USA, N.A.,                                    Case No. 08-C-947

    Plaintiff-Appellant,

  v.

INGRID A. LANDRY,

    Defendant-Appellee.

## DECISION AND ORDER

Happy creditors are all alike; every unhappy creditor is unhappy in its own way. Chase Bank USA appeals from the bankruptcy court's determination that several thousand dollars of consumer debt was dischargeable; it further appeals that court's award of attorney's fees to the debtor. For the reasons given below, the decision of the bankruptcy court will be affirmed.[1]

Chase Bank brought an adversary complaint against Ingrid Landry, the debtor, alleging that certain of her debts to Chase should be excepted from discharge because they were incurred under false pretenses. 11 U.S.C. § 523(a)(2)(A). The charges at issue, which total roughly $6,000, resulted from overdraft protection on the debtor's checking account, a feature apparently

---

[1] I note that neither party has designated for appeal any part of the record from the bankruptcy proceedings. Fed. R. Bky. P. Rule 8006. This could be fatal, but I conclude it is not here. Rule 8001 provides that "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal." *See In re Harris,* 464 F.3d 263, 270 (2d Cir. 2006). The parties have appended the order appealed from and a transcript to their filings in this court, and I have relied on those without objection.

recommended to the debtor by an agent of Chase. Chase alleged that these charges were nondischargeable because they were incurred by fraud, but it did not provide any evidence of that in the court below. Instead, it relied (and continues to rely) on a sort of *res ipsa loquitur* argument: the debtor was poor, and therefore by incurring additional debts she must have been committing fraud.

Section 523(a)(2)(A) excludes from discharge debts incurred through: "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). Exclusions from dischargeability are to be narrowly construed against the creditor. "To prevail on a false pretenses claim, the creditor must show that the debtor obtained the money 'through representations which the debtor either knew to be false or made with such reckless disregard for the truth as to constitute willful misrepresentation.'" *In re Sheridan,* 57 F.3d 627, 635 (7th Cir. 1995) (citation omitted). The creditor must also prove that the debtor acted with an intent to deceive and that the creditor relied on the debtor's misrepresentations. *Id.*

The bankruptcy court chided Chase for its lack of evidence of fraud or false representations. Chase's dearth of evidence stood in contrast with the debtor's credible testimony that *bona fide* hard luck was to blame (loss of value on her house, the loss of a job, etc.) rather than any sort of scheme to defraud. The debtor in fact had tried to obtain traditional sources of financing (e.g., a second mortgage) before resorting to overdrafts to meet her monthly expenses. She even sold one of her cars to make herself loanworthy. The record is markedly absent of any indicia of a "spree" or any sort of reckless pattern of spending, and there is no evidence that the debtor sugar coated her financial condition when procuring loans and other financial services from Chase.

2

Chase is unmoved by all this, because its apparently ironclad position is that the debtor had no business extending herself more credit when times were tough. Chase argues that the debtor was insolvent because her assets were $302,000 and her liabilities were $304,000. Moreover, her monthly expenses were roughly $1,000 more than her income. (After she lost her job, anyway.) We can ignore the statute's requirement that the debtor make a false representation upon which the creditor relies, because Chase has boiled down the statute as follows: any time an insolvent individual makes a credit card charge or writes an overdrafted check she is, *ipso facto*, making a false statement that the creditor is entitled to rely upon.

The bankruptcy court was kind to Chase. It cited a list of sensible considerations used to assess intent to deceive when a debtor uses a credit card prior to filing for bankruptcy protection, and it is difficult to see how Chase would have satisfied *any* of those criteria. Chase's reliance on the debtor's precarious financial position is not enough, or else millions of citizens would become fraudsters every time they swipe their credit card. Presumably just about anyone who uses a credit card or writes a check within a few months of filing for bankruptcy will be insolvent, and the reach of the exclusion for fraud is not so broad. Given the bankruptcy court's factual finding that the debtor was credible and the lack of any actual evidence to the contrary, I conclude that Chase failed to meet its burden to have its debts excluded from the discharge.[2]

The bankruptcy court awarded attorney's fees to the debtor, as it was entitled to do under § 523(d). That section provides for costs and reasonable attorney's fees in the event a creditor's position was not substantially justified. The reasons cited by the bankruptcy court for awarding fees

---

[2]Given that the exclusion is Chase's burden to show, the absence of any actual evidence is striking. Moreover, Chase has not attempted to explain how there was a false representation, or how it reasonably relied on such.

3

are sound: it was Chase's burden to show that the debt should be excluded, yet it conducted no discovery; it did not appear at the creditors' meeting; and rather than putting on evidence it simply took the position that the debtor was reckless, which is not even the correct standard for excluding debts from discharge. Chase now appeals this determination, but even now, after reading Chase's two briefs, I am at a loss to discern what Chase's evidence is for the notion that this debtor was engaged in some sort of fraud. Chase bandies about such terms as recklessness, insolvency and "overextended lifestyle" as though they are dispositive of something, when in fact they are simply the meat and potatoes of consumer bankruptcy. The debtor obtained $500.00 *while unemployed*, we are told, as though we are to be shocked that someone who lost her job would actually need money. (The family had four children.) In Chase's view, all hope is lost once someone loses a job, and that person has no longer has any business using the credit she was extended in happier times.

The record simply shows that the debtor was overextended as a result of some bad luck and (no doubt) some bad decisions about money. Welcome to sub-prime. Unless Congress changes the law, creditors seeking to exclude debts from discharge will need actual "evidence" of fraud rather than bare inferences drawn from spurious premises. Perhaps debtors' prisons will make a comeback. Until then, Chase is out of luck.[3]

The decision of the bankruptcy court is affirmed.

**SO ORDERED** this  7th  day of April, 2009.

       s/ William C. Griesbach
       William C. Griesbach
       United States District Judge

---

[3]Chase provides no support for its argument that because the debtor failed to ask for attorney's fees, the court was somehow prohibited from awarding them. The code states that a court "shall" award fees in § 523(d).